OPINION OF THE COURT
Thomas W. Keegan, J.
Plaintiffs in this action assert that Laws of 1990 (ch 190, § 280), which amends Education Law § 6524, is unconstitutional and should be declared void. Plaintiffs contend that section 280 violates the Due Process Clauses of the Federal and State Constitutions and move for summary judgment and for a compensatory remedy.
Defendants cross-move for summary judgment declaring plaintiffs’ constitutional claims meritless and upholding the validity of section 280.
Education Law § 6524 sets forth the requirements for physician licensing in New York State. These requirements include that all licensed physicians must register with the Department of Education in order to practice their profession. (See also, Education Law §6502 [1].) Prior to the enactment of section 280, physicians were required to renew their registrations every three years. Registrations were valid until the end of the third year when registration renewal would again be mandated. Upon renewal, physicians must pay a statutory registration fee.
The enactment of section 280 changed future registration periods from a triennial to a biennial basis. Section 280 also provided that the triennial period then in progress, which was to extend to December 31, 1991 was to extend instead only to December 31, 1990, and that the succeeding triennial period otherwise due to have commenced on January 1, 1992 was to be a biennial period commencing on January 1, 1991. Valid three-year registrations were automatically transformed into *817 two-year registrations. The third year of the 1989 prepaid registration period, that is the year 1991, was completely eliminated.
Physicians who registered for the first time or who renewed their registrations as of January 1, 1989 received certificates from the Department of Education stating that their registrations were valid until December 31, 1991. The statutory registration fee covered the entire triennial period from January 1, 1989 to December 31, 1991. Plaintiffs’ position concerns the effect of the change caused by section 280 on the 1989 registration period; primarily that physicians were required to pay an additional fee to be registered for the 1991 year which they had already paid for in 1989.
Plaintiffs assert that the elimination of the third prepaid year of registration in 1991 constituted a taking of property without due process and just compensation. Plaintiffs also assert that section 280 impaired the State’s contractual obligations with holders of valid three-year registrations. Plaintiffs request that summary judgment be granted declaring section 280 unconstitutional and void and directing defendants to refund all paid registration renewal fees application to calendar year 1991.
Plaintiffs’ primary contention is that defendants violated the Fifth Amendment "Taking” Clause of the United States Constitution and article I, §7 of the NY Constitution when they eliminated the third prepaid year of the 1989 registration period. Plaintiffs contend that physicians have a constitutionally protected property interest in their registrations which allows them as licensed physicians to practice medicine in New York State. Elimination, therefore of the third year of registration, plaintiffs argue, was a taking without just compensation because it rendered licensed physicians unable to practice in 1991 unless they paid and registered again for that year.
It is undisputed that physicians have a constitutionally protected property interest in their licenses to practice medicine (Board of Regents v Roth, 408 US 564).
The issue here is whether physicians have a constitutionally protected property interest in their registrations. This court finds in the affirmative.
"Property” includes more than just actual ownership of realty, chattels or money. It includes interests already acquired in specific benefits. "To have a property interest in *818 benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.” (Board of Regents v Roth, supra, at 577; Alliance of Am. Insurers v Chu, 77 NY2d 573.)
Since Education Law §§ 6524 and 6502 (1) require that all licensed physicians must register with the Department of Education in order to practice, a physician’s registration is equally as important as his or her medical license. Unless a physician registers, having a medical license is useless since the physician cannot practice without a valid registration certificate. Where the Department of Education issues registration certificates for a fee which are supposed to be valid until the end of a set registration period, the State creates a constitutionally protected property interest in the term of the registration. A physician has a legitimate claim of entitlement in the validity of his or her registration until the stated expiration. This entitlement allows physicians to practice their profession.
The question that now follows is whether section 280 violates the "Taking” Clauses of the Federal and State Constitutions. "[WJherever the operation and effect of any general regulation is to extinguish or destroy that which by the law of the land is the property of any person, so far as it has that effect, it is unconstitutional and void. Thus, a law is considered as being a deprivation of property within the meaning of this constitutional guaranty if it deprives an owner of one of his essential attributes, destroys or impairs its value, restricts or interrupts its common, necessary, or profitable use, hampers the owner in the application of it to the purposes of trade, or imposes conditions upon the right to hold or use it and thereby seriously impairs its value.” (16A Am Jur 2d, Constitutional Law, § 586; People v Hawkins, 157 NY 1, 7; Matter of Jacobs, 98 NY 98.)
Section 280 took away one year of valid registration rendering physicians unable to practice in 1991, unless they reregistered and paid again according to the new biennial registration system. Hence, section 280 in this respect is hereby declared void and unconstitutional only as it effected a taking of physicians’ property for 1991 without just compensation. Such compensation must be given.
Plaintiffs’ position does not include, as defendants suggest, that the State is prohibited from changing the law as it affects *819 future registrations. Rather, plaintiffs’ focus is on the retroactive aspect of section 280 which forced physicians to pay twice for the same benefit of being registered for 1991. "Although a statute is not invalid merely because it reaches back to establish the legal significance of events occurring before its enactment, a traditional principle applied in determining the constitutionality of such legislation is that the Legislature is not free to impair vested or property rights”. (Matter of Hodes v Axelrod, 70 NY2d 364, 369-370; see also, United States Trust Co. v New Jersey, 431 US 1.)
Defendants also suggest that no such taking occurred because physicians could simply reregister for 1991 in order to continue practicing. However, if the initial act amounts to an unlawful taking, then permitting physicians to avoid suspension by paying twice to be entitled to practice for the same year does not make the statute lawful. (See, Seawall Assocs. v City of New York, 74 NY2d 92.)
Plaintiffs’ second contention is that section 280 also violates the Contract Clause of the United States Constitution. (Art I, § 10, cl [1].) Plaintiffs assert that the reduction of the 1989-1991 registration period by one year substantially impaired the State’s contractual obligation to valid registration holders. Physicians had paid the required registration fees for the right to practice in 1991, and section 280, plaintiffs argue, revoked this right unless additional fees were paid.
The essential question here rests on the existence of a contractual relation; whether the operation of sections 6524 and 6502 (1) of the Education Law gives rise to a contractual relation between the State and physicians by implication. (See, Cook v City of Binghamton, 48 NY2d 323.)
The 1989 triennial registration period was set for licensed physicians in accordance with the provisions of section 6524 of the Education Law. The registration system allowed physicians to practice in New York until 1991. Registration certificates issued by the Department of Education clearly stated that the registration period beginning on January 1, 1989 was to extend to December 31, 1991. Physicians paid in advance the required registration fee to cover all three years in this period.
"[I]t is a matter of established law that a legislative enactment in the ordinary form of a statute may contain provisions which, when accepted as the basis of action by individuals or corporations, become contracts between them and the State *820 within the protection of the clause of the Federal Constitution forbidding impairment of contract obligations; rights may accrue under a statute or even be conferred by it, of such character as to be regarded as contractual, and such rights cannot be defeated by subsequent legislation.” (16A Am Jur 2d, Constitutional Law, § 691; see, Anderson v Brand, 303 US 95.)
The statutory registration process which consists of the issuance of certificates in exchange for a fee does give rise to a contractual relation between the State and licensed physicians. The State, according to sections 6524 and 6502 (1) hence creates contractual rights in the holders of the registration certificates. Physicians are thereby given the right to practice medicine in New York State.
The next inquiry is whether the enactment of section 280 has impaired the rights of valid registration holders granted by the registration contract with the State. The obligation of contract guaranty is impaired when a statute changes the intention and legal effect of the original parties, giving to one a greater or the other a lesser interest or benefit of the contract. Impairment also occurs when a statute alters the terms of a contract by imposing new conditions or dispensing with conditions, or adds new duties or a different liability, releases or lessens any part of the contract obligation or substantially defeats its end. (16A Am Jur 2d, Constitutional Law, § 695.)
Section 280 altered the terms of physician registrations by reducing the State’s obligation to physicians for an entire year. This reduction substantially impairs the purpose of the registration process. The State’s issuance of registration certificates would be meaningless if it could be overcome by the State’s desire to invalidate them at will.
Once substantial impairment is found, a careful examination of the nature and purpose of the State legislation must be made. (Association of Surrogate’s & Supreme Ct. Reporters v State of New York, 940 F2d 766 [2d Cir 1991].) To determine whether legislation violates the Contract Clause, the question is "whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end.” (Home Bldg. & Loan Assn. v Blaisdell, 290 US 398, 438.)
The State’s justification for its breach of commitment to physicians is the general enhancement of revenues for the *821 State Board for Professional Medical Conduct. Defendants assert that the State has a legitimate interest in investigating and policing medical misconduct within its borders. This cannot be disputed. However, the issue here is whether the measures taken by the State are reasonable and appropriate to advance this interest. This court finds that they are not so reasonable and so appropriate as to warrant the impairment of the State’s contractual obligation to physicians.
Section 278 of chapter 190, which also amends Education Law §6524, raised the registration fees for licensed physicians. The increased revenue obtained from these legislative changes is a reasonable and appropriate means to achieve the State’s interest in policing the quality of medical care in New York State. The same, however, cannot be said for the change made pursuant to section 280 which cut short by one year the 1989 triennial registration period.
 The State fails to demonstrate how the impairment of 1989 registrations was essential to the maintenance of the quality of medical care. Requiring additional fees from physicians to be registered for 1991 is quite obviously in no way necessary to the achievement of the State’s purpose. In view of the aforementioned, it is hereby declared that section 280 deprived physicians of their registrations for 1991 and impaired their right to practice medicine for that year without due process of law. Physicians had a right to practice according to their registrations in 1991, and this right cannot be arbitrarily taken away, regardless of whether physicians could ransom their right by paying additional registration fees.
As Laws of 1990 (ch 190, § 280) is declared unconstitutional and void, as applied to the triennial registration ending in 1991, the defendants are directed to refund all registration renewal fees paid pursuant to section 280 applicable to the 1991 calendar year.
Accordingly, plaintiffs motion for summary judgment is granted. Defendant’s cross motion for summary judgment is denied.